EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

Frederick Hoxie and his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Hoxie"), and Youth Villages, Inc. ("Youth Villages"), agree that:

WHEREAS, Hoxie claims that he is owed unpaid regular wage and/or overtime compensation by Youth Villages under the Fair Labor Standards Act ("FLSA") as well as common law contract theories under the laws of the State of Georgia;

WHEREAS, he has filed an action in the United States District Court for the Northern District of Georgia, styled Frederick Hoxie v. Youth Villages, Case No. _1:15-cv-03471-SCJ to recover the alleged unpaid regular time or overtime wages ("the Action") as well as any alleged liquidated damages and attorneys' fees that might accrue from a successful prosecution of such action; and

WHEREAS, Youth Villages denies that Hoxie is entitled to any recovery under the FLSA, or any other wage and hour statute or common law but has agreed to settle Hoxie's claims to resolve the controversy between them amicably and expeditiously so as to avoid the costs and other expenditures of time and effort relating to litigation of the Action.

NOW, THEREFORE, intending to be legally bound and in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by entering into this Settlement Agreement and Release (the "Agreement"), it is hereby

STIPULATED AND AGREED by and between the Parties that Hoxie's claims are resolved as follows:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Youth Villages LLC agrees to pay to Hoxie One Thousand Seven Hundred Forty-nine Dollars and 91/100 ($1,749.90), as follows:

    a. a check payable to the order of Frederick Hoxie in the amount of Eight Hundred Seventy-four Dollars and

1

        95/100 **($874.95)**, less lawful deductions, representing back wages, for which a W-2 will be issued;

b.     a check payable to the order of Hoxie in the amount of Eight Hundred Seventy-four Dollars and 95/100 **($874.95)**, representing liquidated damages, for which a Form 1099 will be provided; and

    The checks described above shall be delivered to Hill, Kertscher & Wharton LLP within ten (10) calendar days after the satisfaction of each of the following: (i) Youth Villages' receipt of this Agreement with Frederick Hoxie's original signature; (ii) Youth Villages' receipt of executed Forms W-4, W-9 from Frederick Hoxie and her counsel, as applicable; and (iii) the Court's entry of an order approving the settlement and dismissing the Lawsuit with prejudice as to all plaintiffs in the action.

    The sums detailed above are in full and final settlement and resolution of any and all wage and employment contract claims including expenses, attorneys' fees, liquidated damages and consequential damages which Hoxie had, has, or may have against Youth Villages arising out of or in any way connected with his employment with Youth Villages as of the date of the execution of this Agreement.

2.     **Tax Responsibility.** Youth Villages makes no representation as to the taxability of the amounts paid to Hoxie or his counsel. Hoxie hereby agrees, represents and warrants that he shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to any recovery by him under this Agreement, except for the tax contributions federally mandated of Youth Villages, and that he will fully satisfy all taxes, liens, and assignments which may arise as a result of his receipt of the settlement payments. Hoxie represents that he is not subject to any garnishment or wage deduction order, including but not limited to, any order for the payment of child support.

3.     **Bankruptcy.** Hoxie represents that he is not currently involved in any bankruptcy action and that there are no bankruptcy actions to which any trustee in bankruptcy or any other party has claims.

4. **No Consideration Absent Execution of this Agreement.** Hoxie understands and agrees that he would not receive the monies and/or benefits specified in paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

5. **Release of All Compensation-Related Claims.** Hoxie knowingly and voluntarily releases and forever discharges Youth Villages and its executors, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and its current and former employees, attorneys, officers, directors, board members, shareholders, owners and agents, both individually and in their business capacities, and its employee benefit plans and programs and its administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Hoxie had, has, or may have against Releasees as of the date of execution of this Agreement related to her compensation in connection with his employment with Youth Villages including, but not limited to, any alleged violation of:

- The Fair Labor Standards Act ("FLSA");

- Breach of Contract;

- The Equal Pay Act;

- Any and all wage theft or wage payment laws as they exist in the states and municipalities of the United States;

- Any other federal, state or local law, rule, regulation, or ordinance regarding employment compensation; and

- Any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Hoxie waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party

3

action or proceeding based on such a claim in which Youth Villages or any other Releasee identified in this Agreement is a party.

6. **Acknowledgments and Affirmations.** Hoxie affirms that he has not filed, caused to be filed, and presently is not a party to any claim, complaint, or action against Releasees in any forum or form, other than this Action.

Hoxie further affirms he is aware of his obligations to make any tax payments and forward payment to the Internal Revenue Service.

Hoxie affirms that all of Releasees' decisions regarding his pay and benefits through the date of execution of this Agreement were not discriminatory based on disability, race, color, sex, religion, national origin or any other classification protected by law.

Releasees and Hoxie affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement.

7. **Limited Disclosure and Return of Property.** **Provided the Court in this case approves Defendant's motion for confidentiality,** Hoxie agrees not to publish, communicate or otherwise disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement, except to Hoxie's spouse, tax advisor, an attorney with whom Hoxie chooses to consult regarding Hoxie's consideration of this Agreement and/or to any federal, state or local government agency.

Hoxie affirms that he has returned all of Youth Villages' property, documents, and/or any confidential information in his possession or control. Hoxie also affirms that Youth Villages is in possession of all of it's property that he had at Youth Villages' premises and that Youth Villages is not in possession of any of Hoxie's property.

8. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of

4

competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

   9.   **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

   10.   **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, with regard to Hoxie's compensation-related claims against Youth Villages, and fully supersedes any prior agreements or understandings between the Parties with regard to Hoxie's employment, except the Agreement and General Release which is incorporated herein by reference. Hoxie acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

   11.   **Fees and Costs.** The payment of Plaintiff's attorneys' fees and costs will be determined by the Court and paid by Youth Villages after Court determination as memorialized in the Mediation Agreement between the parties which is hereby incorporated by reference.

   **HOXIE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES WITH REGARD TO HOXIE'S COMPENSATION AND WAGES.**

   The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

YOUTH VILLAGES, INC.

By: *F. Kyle Hoxie*  
~~Frederick Hoxie~~  
Fredrick

By: _____

_____

Its: _____

Date: 3/14/2016

Date: _____

*Shalonda Hoxie*  
Witness

_____  
Witness

6